## Thomas Estate

*Harry I. Hiestand,* for accountants.

*Joseph John Hennessy,* of *Fox, Differ & Honeyman,* contra.

HOLLAND, P. J., December 9, 1953. — The account shows a combined balance of principal-personalty and principal-income for distribution in the sum of $13,002.51, composed of cash. The transfer inheritance tax has been paid. The accountants request and are allowed an additional credit in the sum of $5.88, to be paid out of income. The accountants request and are allowed a credit of $40.28, to be paid out of principal. Testator gave the rest, residue, and remainder of his estate to "my brothers and sisters, to be divided among

them, equally, share and share alike." He was survived by one brother, Earl R. Thomas, and two sisters, Lillie Hunter and Goldie Lindley. Another brother, William, died September 7, 1908, leaving no issue, but survived by his widow Blanche N. Thomas, now, by marriage, Blanche N. Gruber. Another sister, Rosanna Brant, died June 11, 1951, survived by her husband, Edgar Brant, and three children, namely, Bernice Kulp, Elaine Grebe, and George W. Brant, all of whom are still living. Bearing in mind that the date of testator's will is February 11, 1952, the question arises as to whether the share of the deceased brother and the deceased sister is preserved to their issue under the Wills Act of 1947, particularly with reference to subsection 14(8) of the Wills Act of April 24, 1947, P. L. 89.

As to the deceased brother, William, there is no question as he was survived by no issue, and it is only issue to which the gift is preserved by virtue of the section of the Wills Act. The deceased sister, Rosie Brant, was survived by three issue, above named, and the question remains as to whether they are entitled in equal shares to the one-fourth share that their mother would have been entitled to had she survived testator. Ordinarily, she having been deceased at the date of the the will, she would not be regarded as having been contemplated by testator. This rule prevails by virtue of the reasonable assumption that a testator would not intend to give a gift to a person whom he knew at the time he made his will was deceased. The language of this will, however, indicates that this assumption is canceled out by a stronger assumption derived from the fact that he refers to his brothers and sisters in the plural. When he made his will he knew that there were living only one brother and two sisters, but he refers to brothers in the plural as well as sisters in the

plural. Heeding the well established rule of interpretation that no part of the language of the will can be ignored, the court must assume that he used the word brothers in the plural when he knew that there was only one brother in existence at the time he made the will. If the court must go upon an assumption in what I have called the ordinary case, it is just as reasonable and the court must also go upon an assumption and draw an inference from language employed by testator that contradicts the usual assumption. If he used the plural in referring to his brothers, when he knew he only had one brother that could survive him, he must have meant all the brothers that he had or ever had, and, if he meant all the brothers that he ever had, it follows as a reasonable conclusion that he also referred to all the sisters that he ever had. Therefore, had William died leaving any issue, that issue would have taken the share that William would have taken had he survived the testator. By the same token, his sister, Rosanna Brant, having in fact died survived by three issue, those issue take her share that she would have taken had she survived testator, so that they will be entitled to one third of one fourth of the whole, and I so hold.

The net ascertained combined balance of the principal and income is awarded one fourth each to Earl R. Thomas, Lillie Hunter, and Goldie Lindley, and one twelfth each to Bernice Kulp, Elaine Grebe, and George Brant. All awards are subject to distributions heretofore properly made. The account is confirmed and it is ordered and decreed that Earl R. Thomas and the National Bank and Trust Company of Spring City, executors, as aforesaid, forthwith pay the distributions herein awarded.

And now, December 9, 1953, this adjudication is confirmed nisi.